NOT FOR PUBLICATION (Doc. No. 16)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
SLEEP FOR HEALTH, LLC, :
:
    Plaintiff, :
: Civil No. 10-2800 (RBK/KMW)
    v. :
: **OPINION**
CARDIO SLEEP SERVICES, INC., :
:
    Defendant. :
_____ :

**KUGLER**, United States District Judge:

    This matter comes before the Court on the motion of Defendant Cardio Sleep Services, Inc. ("Defendant" or "CSS"), pursuant to Federal Rule of Civil Procedure 56, for summary judgment as to Defendant's counterclaims in a contract dispute between Defendant and Plaintiff Sleep For Health, LLC ("Plaintiff" or "SFH"). Defendant, in its motion, seeks enforcement of an arbitration award in its favor arising from an earlier dispute between the parties, as well as payment under the contract. Defendant also seeks a declaration that Plaintiff materially breached the contract, which Defendant may use as an affirmative defense to Plaintiff's claim that Defendant anticipatorily breached the contract. As discussed below, the Court finds that the arbitration award is enforceable against Plaintiff. However, the Court finds that Defendant is not entitled to attorneys' fees associated with pursuing the enforcement of the arbitration award. Further, the Court finds that a genuine issue of material fact exists as to when, if at all, Plaintiff breached the contract. Accordingly, Defendant's motion for summary judgment is **GRANTED** in part and **DENIED** in part.

1

**I.     BACKGROUND**

SFH is a New Jersey limited liability company that owns a sleep study center in Atlantic County, NJ. Pl.'s Br. at 2. CSS, a Delaware Corporation, is in the business of operating sleep study centers on the behalf of owners like Plaintiff. Id. On August 22, 2007, the parties entered into a contract in which SFH would pay CSS an administrative fee, as well as a fee per completed sleep study, to "market, equip, staff and operate" SFH's sleep center. Id.

The initial term of the contract was three years, automatically renewable for successive one-year terms. Id. There were two ways for the parties to terminate the agreement. First, a party could choose not to renew the contract at the end of a term. Id. SFH asserts that CSS was unable to terminate by not renewing until after the sixth year of the contract. Pl.'s Br. at 4-5. However, it is not clear whether the parties actually agreed to that term, as the contract executed by SFH and forwarded to CSS included such a provision, but that provision was redacted, unbeknownst to SFH, when CSS returned the signed contract. See Mazzone Aff. ¶¶ 19-21.

The second way a party could terminate the contract was to provide written notice of termination, claiming that the other party had substantially breached the contract. Pl.'s Br. at 5. If a party chose to exercise this option, the allegedly "breaching" party was to be given sixty days in order to cure the alleged substantial breach. Id. The termination would go into effect if the breaching party failed to cure the breach within sixty days, only then would the termination go into effect. Id. Both parties were free to exercise this option at any time. Id.

At some point during the relationship, a dispute arose between the parties over fees. Pl.'s Br. at 2. The parties were unable to resolve the dispute, so they submitted the dispute to binding arbitration, which was allowed under the contract. Id. On March 18, 2010, an arbitration hearing was held, and on March 31, 2010, the arbitrator rendered a decision in favor of CSS in

the amount of $31,641.99. Pl.'s Br. at 6; Def.'s Answer to Pl.'s Compl. Ex. C. SFH has yet to pay that award. Pl.'s Br. at 6.

On March 19, 2010, the day after the arbitration hearing, when the decision of the arbitrator was still two weeks away, representatives of both parties met at the request of CSS. Pl.'s Br. at 3. At that meeting, a CSS representative tendered a written notice ("the March 19 notice"), stating that CSS "recognized that it cannot financially continue to operate the . . . Sleep Center . . . under the terms of the current Agreement." Pl.'s Br. at 5-6; Mazzone Aff. Ex. C. The March 19 notice, which SFH now construes to be a notice of termination, did not point to any substantial breach on the part of SFH. Id.

The parties then engaged in discussions during April and May of 2010 in an attempt to find an amicable resolution to all issues between the parties, including presumably payment of the arbitration award of March 31, 2010. Pl. Br. at 6. During that time, SFH sought assurances from CSS that CSS would not act on the March 19 notice. Id. SFH, however, was unsuccessful in gaining such assurances. Id. Thus, with no resolution apparent and no assurances that CSS would not act on the March 19 notice, SFH interpreted the actions of CSS to constitute an intention to repudiate the contract and sought relief in New Jersey state court. Pl.'s Br. at 6-7.

On May 20, 2010, SFH was granted injunctive relief in New Jersey state court, preventing CSS from removing its equipment from the SFH sleep center. Pl.'s Br. at 7. Then, on May 24, 2010, SFH sued CSS for anticipatory breach. Id. CSS then served SFH with an express notice of termination, alleging that SFH's failure to pay the arbitration award constituted a substantial breach of the contract. Id.

**II.     STANDARD**

Because the Court hears this case pursuant to its diversity jurisdiction, 28 U.S.C. § 1332, it must apply state substantive law and federal procedural law. Gasperini v. Ctr. for Humanities, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) ("Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies this initial burden, the nonmoving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear

4

the burden of proof at trial." Celotex, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" Corliss v. Varner, 247 F. App'x 353, 354 (3d Cir. 2007) (quoting Port Auth. of N.Y. & N.J. v. Affiliated FM Ins. Co., 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249.  Credibility determinations are the province of the factfinder, not the district court.  BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. DISCUSSION

Defendant's counterclaims to Plaintiff's suit for anticipatory breach present the Court with two tasks.  First, the Court must determine whether to confirm the arbitration award against Plaintiff and award attorneys' fees associated with the collection of that arbitration award. Second, the Court must determine whether Plaintiff breached its contractual duties prior to the date of Defendant's alleged anticipatory breach, such that Plaintiff's breach would bar Plaintiff's claims.

#### A. The Arbitration Award and Attorneys Fees

Defendant seeks confirmation of an arbitration award that Plaintiff appears not to contest. In fact, Plaintiff admits that the arbitrator entered an award of $31,641.99 in favor of Defendant, that Plaintiff did not appeal that award, and that Plaintiff has not paid that award.  Def.'s Answer to Pl.'s Compl. ¶¶ 13-14; Pl.'s Answer to Def.'s Countercl. ¶¶ 13-14.  Plaintiff disputes Defendant's claim that it is "entitled to summary judgment on the . . . arbitration award in its

5

favor as well as for anything else it billed [P]laintiff thereafter" due to Defendant's actions on and after March 19, 2010, which Plaintiff alleges constituted an anticipatory breach. However, it appears Plaintiff is relying on Defendant's actions on and after March 19 to dispute the "anything else [Defendant] billed [P]laintiff thereafter," and not the arbitration award.

If, however, Plaintiff is disputing the arbitration award, Plaintiff's argument is unpersuasive. The arbitration award at issue arose from a dispute that occurred prior to the present dispute, and the fact that the arbitrator's decision came during the present dispute has no effect on the validity of that arbitration award. Thus, there is no genuine issue of material fact with regard to the arbitration award, and this Court finds no difficulty in confirming the arbitration award in favor of Defendant.

The Court, however, is not inclined to award attorney's fees. "In suits to compel one party to submit to arbitration or abide by an award, fees are generally awarded if the defaulting party acted without justification." Chauffers, Teamsters and Helpers, Local Union No. 765 v. Stroehmann Bros. Co., 625 F.2d 1092, 1094 (3d Cir. 1980). At the time of the arbitrator's decision, the parties were already engaged in discussions to resolve a number of issues, and presumably, the arbitration award would reasonably have been expected to become one factor in these negotiations. However, those negotiations proved unfruitful, and Plaintiff filed a suit for anticipatory breach.

Further, although Plaintiff did not appeal the arbitration award, it does not appear that Defendant pressed Plaintiff for immediate payment at any point before Plaintiff filed its suit. Plaintiff could have simply been expecting the arbitration award to be deducted from Plaintiff's award for damages if Plaintiff's suit for anticipatory breach was successful. Accordingly, the

Court finds that Plaintiff was justified in not immediately paying the arbitration award, and that Defendant is not entitled to attorneys' fees.

### B. Defendant's Claim of Breach by Plaintiff as a Defense to Plaintiff's Claim of Anticipatory Breach

The party asserting a breach of contract "has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that [the party asserting the breach] sustained damages as a result." Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. App. Div. 2007). "[A] material breach by either party to a bilateral contract excuses the other party from rendering any further contractual performance." Magnet Res. v. Summit MRI, Inc., 723 A.2d 976, 981 (N.J. Super. App. Div. 1998). "Whether conduct constitutes a breach of contract and, if it does, whether the breach is material are ordinarily jury questions." Id. at 982.

Plaintiff claims it was excused from performance because Defendant anticipatorily breached the contract. An anticipatory breach "occurs when a party renounces or repudiates a contract by unequivocally indicating that it will not perform when performance is due." Cipala v. Lincoln Technical Inst., 806 A.2d 820, 823 (N.J. App. Div. 2002). Defendant, however, asserts that it could not have anticipatorily breached the contract because Plaintiff materially breached the contract prior to any anticipatory breach, thus excusing Defendant from performing. In other words, each party is relying on the other party's alleged breach as an excuse for its own, and whichever party breached last will prevail. Thus, in addressing Defendant's motion for summary judgment, the timeline is key.

On March 19, 2010, one day after the parties appeared before an arbitrator to resolve a previous dispute, Defendant informed Plaintiff (via the March 19 notice) that Defendant could

7

no longer afford to perform under the current terms of the contract. Pl.'s Br. at 5-6. Then, for approximately two months after Plaintiff received the March 19 notice, the parties engaged in discussions to resolve all issues between them. Pl.'s Br. at 6. During this time period, Plaintiff sought assurances from Defendant that Defendant would not act on the March 19 notice. Plaintiff, unable to gain such assurances, construed Defendant's actions as evidencing an intention not to perform under the contract. See Mazzone Aff. ¶ 34. Plaintiff accordingly sought injunctive relief in New Jersey state court on May 20, 2010, followed by this suit for anticipatory breach on May 24, 2010. Sleep For Health, LLC v. Cardio Sleep Services, Inc., Order to Show Cause with Temporary Restraints (N.J. Super. Ct. Law Div. May 20, 2010) (Civ. No. L2137-10); Pl.'s Br. at 6-7. Thus, if Defendant did anticipatorily breach the contract, that breach would have occurred at some point between March 19, 2010 and May 20, 2010. In order to grant summary judgment for Defendant, the Court must find that Plaintiff materially breached the contract prior to March 19, 2010. If, however, Plaintiff's breach occurred within the above range, there is a issue of fact as to which party breached first.

     Defendant maintains that Plaintiff materially breached the contract in two ways. First, Defendant argues that Plaintiff's failure to pay Defendant the arbitration award constituted a material breach. Second, Defendant alleges that Plaintiff failed to pay fees owed to Defendant under the contract for an undetermined time prior to Plaintiff filing suit against Defendant.

     With regard to Defendant's first argument, it is not clear to the Court that failure to pay the arbitration award, if a breach at all, occurred prior to Defendant's alleged anticipatory breach, as the arbitrator did not enter that arbitration award until March 31, 2010. As that date falls within the possible range of Defendant's anticipatory breach, the Court finds that there is a

genuine issue of fact as to whether this alleged breach occurred prior to Defendant's alleged anticipatory breach.

There is also a genuine issue of fact as to whether Plaintiff breached by not paying fees owed to Defendant. While Plaintiff does not address this claim in its brief, the Court finds a genuine question of fact as to whether Plaintiff breached the contract in such a way prior to March 19, if at all. Had Plaintiff breached the agreement in this way prior to that date, Defendant would have likely included such allegations in the March 19 notice. However, no such allegations were made at that time. See Mazzone Aff. Ex. C. In fact, Defendant did not allege that Plaintiff breached the contract by not paying fees until after Plaintiff filed its claim for anticipatory breach.

Thus, the Court finds that there is a genuine dispute over when Plaintiff breached, if at all. Therefore summary judgment on the issue of Plaintiff's breach is inappropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is hereby **GRANTED** as to the enforceability of the March 31, 2011 arbitration award, **DENIED** as to Defendant's request for attorneys' fees associated with pursuing the enforcement of that arbitration award, and **DENIED** as to the question of whether Plaintiff materially breached prior to Defendant's alleged anticipatory breach. An accompanying Order shall issue today.

Dated: 3/15/12                                             /s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge